UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
LEATOYA RICHARDSON            :     Civil No. 3:15CV01452 (HBF)
                              :
v.                            :
                              :
NANCY A. BERRYHILL, ACTING    :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :
                              :
------------------------------x
```

**RULING ON MOTION FOR AWARD OF ATTORNEY'S FEES**

On June 29, 2012, the plaintiff applied for Supplemental Social Security ("SSI") benefits, claiming that she had been disabled since June 29, 2012. [Tr. 24]. After a hearing,an ALJ, the ALJ denied plaintiff benefits on April 25, 2014. [Tr. 47-80]. Having exhausted her administrative remedies, the plaintiff filed the Complaint in this case on October 5, 2015. [Doc. #1]. On December 14, 2015, the Commissioner filed an Answer and the official transcript. [Doc. #13]. On April 8, 2016, the plaintiff filed a Motion for Reversal and/or Remand, together with a memorandum in support. [Doc. #18], to which the Commissioner responded with a Motion to Affirm the ALJ's Decision on May 20, 2016. [Doc. #21]. Plaintiff filed a reply brief on June 6, 2016. [Doc. #24]. Judge Covello entered an order on May 23, 2017, directing plaintiff to file medical facts in chronological order and in narrative form in compliance with the Scheduling Order

1

dated October 5, 2015. [Doc. #26 (citing Doc. #5)]. Plaintiff filed a Statement of Medical Facts on June 9, 2017. [Doc. #27]. Defendant filed a Medical Statement of Facts on July 5, 2017. [Doc. #28]. On December 21, 2017, the parties consented to the jurisdiction of a United States Magistrate Judge and the case was reassigned to the undersigned. [Doc. #31]. A ruling granting plaintiff's motion to reverse and remand the case was filed on March 27, 2018, [Doc. #32], and Judgment entered on March 30, 2018. [Doc. #33].

On May 25, 2018, plaintiff timely moved for an award of attorney's fees, filing an affidavit of Attorney Michael F. Magistrali, a copy of the Fee Agreement and time sheets from Attorney Magistrali and Attorney Nancy Meserow.[1] [Doc. #34]. The defendant filed a brief in opposition to the motion on June 7, 2018 [Doc. #35].

Plaintiff seeks fees in the amount of $**18,583.70,** consisting of 92.45 hours of attorney time plus 3.95 hours of clerical time, as follows:

| **WORK PERFORMED BY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Atty. Magistrali | 11.35 | $196.10 | $ 2,225.74 |

---

[1] Plaintiff entered into a fee agreement with Attorney Magistrali on September 30, 2015, for assistance with plaintiff's appeal to this Court. Attorney Magistrali retained associate counsel Nancy J. Meserow to prepare and file documents in connection with the case. [Magistrali Aff. ¶¶5-7].

2

| | | | |
|---|---|---|---|
| Atty. Meserow | 81.10 | $196.10 | $15,903.71 |
| Clerical | 3.95 | $115.00 | $    454.25 |
| **TOTAL** | 96.40 | | $18,583.70 |

For the reasons set forth below, the plaintiff's Motion for Attorney Fees [Doc. #34] is **GRANTED** in part and **DENIED** in part.

**A.    LEGAL STANDARD**

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. 28 U.S.C. §2412(d)(1)(B). Defendant does not contest the plaintiff's status as a prevailing party in this matter, or the hourly rate requested by counsel. Rather, the defendant objects to the number of hours claimed as excessive.

It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is

3

"reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover from "a reasonable attorney's fee as part of the costs").[2] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

**B. DISCUSSION**

After reviewing the time records submitted by Richardson's attorneys, the Court agrees with the Commissioner that some

---

[2] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7.

4

reduction in the time awarded is justified. Richardson's request for 96.4 hours exceeds the twenty to forty hours that courts in the Second Circuit normally find routine Social Security cases to require. Dupuy v. Colvin, No. 3:14-CV-01430(SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015).

Motion, Memorandum and Reply Brief

The Commissioner argues that "[t]his case did not involve any issues of first impression, unique or extraordinary facts or procedural complications ... [and] the medical impairments at issue were common to many disability appeals involving mental impairments, migraine headaches and obesity." [Doc. #35 at 4]. The Court agrees. Here, the administrative record is 1,225 pages long, and the factual and legal issues were not particularly novel or difficult, thereby justifying a reduction of hours.

Moreover, reduction is warranted to account for the experience of counsel and apparent efficiencies relating to the use of research and writing from prior motions.[3] Rivera v. Colvin, No. 3:14-CV-1012(WIG), 2016 WL 1363574, at *2 (D. Conn.

---

[3] Attorney Magistrali averred that "99.9% of [Attorney Meserow's] practice involves Social Security disability cases. She has written more than 200 briefs in federal court Social Security disability cases for practitioners in the 7th Circuit, the 11th Circuit, the 6th Circuit and the 2d Circuit during the past five years." [Magistrali Aff. ¶7]. Additionally, Attorney Magistrali has over seventeen years of experience representing claimants in Social Security disability cases that he estimates comprises 95 percent of his legal practice. Id. ¶2

5

Apr. 6, 2016)("The relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.")(citing Seggerman v. Colvin, No. 3:11CV1219(JBA), 2014 WL 2534876, at *3 (D. Conn. June 5, 2014)). Thus the Court will reduce the amount of time that Attorney Meserow claims for reviewing the record, performing research and drafting the Motion to Reverse and/or Remand from 64.9 hours to **32 hours**. [Doc. #34-1 Attach. C (Meserow Time Sheet) entries 1/6/16, 3/30/16-4/6/16]. In making this finding, the Court is mindful that counsel needed additional time to familiarize themselves with the administrative record (1,225 pages) as they did not represent Ms. Richardson at the administrative level. The Court denies Attorney Magistrali's request for time to review Attorney Meserow's work in light of her considerable expertise and experience in Social Security disability cases. [Magistrali Aff. ¶6-7]. Further, Attorney Meserow's detailed time records show that she performed the bulk of the work over eight days from March 30 through April 6, 2016.

The Court also disallows plaintiff's reimbursement request for 16.2 hours for Attorney Meserow to review defendant's Motion to Affirm and to research and write a 13 page reply brief. [Doc. #34-1 Attach. C entries 6/2/16, 6/3/16, 6/9/17]. As counsel is

aware, reply briefs are not required and the issues presented in the reply brief were not novel and were adequately covered in plaintiff's initial filing.

The Court approves **3.75 hours** for Attorney Magistrali to prepare the Motion to Proceed In Forma Pauperis and Financial Affidavit and draft the Complaint and Medical Chronology. [Doc. 34-1 Attach. B (Magistrali Time Sheet) entries 9/16/15 and 10/03/15, 6/9/17]. The Court declines to award time spent by Attorney Magistrali to file motions for extension of time and to review routine notices on the Court's electronic docket. Rivera, 2016 WL 1363574, at *2 ("A reduction of time is warranted for review of standard court filing, particularly by an attorney with experience in social security cases.")(citations omitted); see e.g., Doc. #34-1 Attach. B entries, 10/3/15; 10/5/15-10/9/15; 11/4/15; 12/14/15; 1/22/16-2/2/16; 5/25/16-5/26/16; 3/21/17, 12/11/17, 12/20/17, 3/30/17.

Clerical Tasks

Attorney Magistrali seeks an additional 3.95 hours for the performance of unspecified clerical tasks. [Doc. #34-1 Magistrali Aff. ¶5]. Defendant challenges the time plaintiff spent on "clerical tasks" as not compensable. The Court agrees. See Rivera, 2016 WL 1363574, at *2 ("Further, to the extent these tasks were clerical in nature, time spent on them is not compensable under the EAJA.")(citing J.O. v. Astrue, No. 3:11-

7

cv-1768(DFM), 2014 WL 1031666, at *2 (D. Conn. Mar. 14, 2014) (reduction for communication with clerk's office); Roman v. Colvin, No. 3:15CV00917(SALM), 2015 WL 9462061, at *3 (D. Conn. Dec. 28, 2015) (reduction for review of court filings due to the "routine nature of the ECF notices")); Gelinas v. Colvin, No. 3:13CV891 (CSH)(JGM), 2014 WL 2567086, at *2 (D. Conn. June 6, 2014)("Counsel's hours spent doing certain clerical tasks, such as drafting a certificate of service, converting documents to searchable format, downloading court documents from CM/ECF, downloading the summons, compiling documents for service on defendant, and calendaring dates, are not compensable under the EAJA." (collecting cases)).

Accordingly, plaintiff's request to reimburse Attorney Magistrali for 3.95 hours spent on the performance of clerical tasks is also denied.

Time to Prepare the Motion for Attorney's Fees

The defendant does not challenge the 1.2 hours billed by plaintiff's counsel to prepare her motion for attorneys' fees. This may be because, in this District, judges have routinely allowed a plaintiff's attorney to bill up to two hours for preparing an EAJA petition. See, e.g., Texidor v. Colvin, No. 3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015)(awarding two hours for preparation of EAJA petition); Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at

8

*4 (D. Conn. Jun. 4, 2013)(awarding two hours for preparation of EAJA petition); Hosking v. Astrue, No. 3:10CV64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition); Gelinas, 2014 WL 2567086, at *3 (same). Thus, the Court approves **1.2 hours** of attorney time to prepare the Motion for Award of Attorney Fees and attachments.

C.  **CONCLUSION**

For the reasons set forth herein, the plaintiff's Motion for Attorney's Fees **[Doc. #34]** is **GRANTED** in part and **DENIED** in part. The Court awards 36.95 hours of attorney time at an hourly rate of $196.10 for a total amount of **$7,247.86.**

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #31] on December 21, 2017, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport this 28th day of June 2018.

                                /s/
                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE